## Francis M. Sullivan, Administrator, Appellant, v. Henry Guth & Company, Appellee.

### Gen. No. 14,552.

EVIDENCE—*what not part of res gestae.* In an action by an administrator to recover damages for the causing of the death of his intestate, the statements of such intestate made in the hospital where he had been taken after his injury are not properly a part of the *res gestae*, and should be excluded.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed June 4, 1909.

GEORGE V. McINTYRE, for appellant.

LACKNER, BUTZ & MILLER and WILLIS G. SHOCKEY, for appellee.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

Appellant, plaintiff below, brought an action on the case in the Circuit Court against appellee, defendant below, to recover damages because Henry Guth & Company negligently caused the death of Henry Herguth, plaintiff's intestate. There was a trial by jury and defendant was found not guilty. Upon that verdict the court entered judgment against the plaintiff. From that judgment plaintiff prosecutes this appeal.

Herguth was in the employ of defendant as a teamster. While so employed, on October 12, 1903, he left the slaughter house of defendant at about six o'clock in the morning driving a team hauling a load of beef. He was driving north on Halsted street, a street with car tracks, and when he came to Thirtieth street, a cross street, he turned east "and was pulling hard out of the track, when suddenly the line which he held in his left hand broke, causing him to lose his balance on the seat and fall forward and down in front of the wheels." The wheels passed over his body and he died

in about two hours. The contention by appellant is that "the injury to the line must have occurred between the hour of 2:30 in the morning, when the foreman said the lines were properly hung up, and the time that Herguth drove away at 6 o'clock." At 2:30 o'clock, that same morning, Herguth had returned after delivering a load, unhitched his horses, fastened the lines on the harness and left them properly fastened. It was the duty of each driver to look after his own harness and team, and to harness and unharness his own team and clean and care for the harness. The lines and harness in question were three or four months old, at the time the line broke. After the accident there were some fresh marks about the place of the break. As stated in appellant's brief: "The declaration in the case charges that a weak and defective line was furnished to appellant's intestate which had not been inspected with due care and on this account it broke." The evidence tends to show that the line was made of the very best leather. The evidence does not tend to show that, during the interval between 2:30 o'clock and 6 o'clock of the morning in question, the line was handled by any one in the position of vice principal, nor, for that matter, by any one else. Herguth himself hitched up the team before he started. It is quite likely that the line broke after Herguth fell off the wagon and not before. However that may be, we find no evidence of negligence in the record which would justify us in disturbing the verdict of the jury upon the merits of the case.

It is argued that statements of the deceased made in the hospital, where he was taken after he was hurt, should have been received in evidence as part of the *res gestae* and that the court erred in excluding such statements. We see no error in the ruling of the trial judge in this respect.

We find no error in the instructions complained of.

The judgment of the Circuit Court must be affirmed.

*Affirmed.*